**CLEVELAND INDIANS BASEBALL COMPANY, a Limited partnership, Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellant.**

**No. 99–3410.**

United States Court of Appeals, Sixth Circuit.

June 25, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges, QUIST, District Judge.*

COLE, Circuit Judge.

Cleveland Indians Baseball Company ("Company") filed suit in federal district court against the United States Internal Revenue Service ("IRS") after the IRS denied the Company's claim for a tax refund based on backpay wages paid pursuant to a grievance settlement agreement. The Company, owing eight players backpay for wages due in 1986 and fourteen players backpay for wages due in 1987, paid the wages in 1994. The Company

---

* The Honorable Gordon J. Quist, United States District Court for the Western District of Michigan, sitting by designation.

then sought a tax refund pursuant to the Federal Insurance Contributions Act ("FICA") and the Federal Unemployment Tax Act ("FUTA") on grounds that the wages should have been taxed by reference to the years they were due (1986 and 1987) rather than by reference to the year they actually were paid (1994). Bound by our precedent that a settlement for back-pay wages should not be allocated to the period when the employer finally pays but to the periods when the wages were not paid as usual, *see Bowman v. United States,* 824 F.2d 528 (1987), the district court entered judgment for the Company and ordered the Government to refund FICA and FUTA taxes. We affirmed. *See Cleveland Indians Baseball Co. v. United States,* 215 F.3d 1325 (6th Cir. 2000).

By decision dated April 17, 2001, the Supreme Court of the United States reversed, holding that back wages are subject to FICA and FUTA taxes by reference to the year the wages are in fact paid. *See United States v. Cleveland Indians Baseball Co.,* 532 U.S. 200, 121 S.Ct. 1433, 149 L.Ed.2d 401 (2001) (abrogating *Bowman v. United States,* 824 F.2d 528 (1987)). Accordingly, we VACATE the judgment and REMAND to the district court to enter final judgment in favor of the United States.